Dear Ms. Cupp:
You have asked for the opinion of this office as to whether the Franklin Parish Police Jury and/or its' Sewer District Board can disconnect sewer service to a residence or business for nonpayment of bills for sewer service. Your letter indicates that the Franklin Parish Police Jury currently owns three sewer systems which are governed by a board appointed by the Police Jury. In a follow-up telephone conversation you indicated that Franklin Parish has a private water company, and that the disconnections you are asking about are sewerage service disconnections only, not water service disconnections. You indicated that the possibility was being discussed of installing cut-off values on sewerage lines coming from private property, which would force sewerage to back up onto the property when the cut-off valve was closed.
The Louisiana Public Service Commission generally regulates all common carriers and public utilities. LA Const. Art. 4, Sec.21(B), LA R.S. 45:1161, Cajun Electric Power v. Public Service Commission, 544 So.2d 362 (LA 1989). However, the Louisiana Constitution of 1974 restricts the Commission's regulatory jurisdiction over a utility that is owned, operated or regulated by a political subdivision's governing body. La. Const. Art.IV, Sec. 21(C), LA R.S. 45:1164(B), Cajun Electric Power v. Public Service Commission, 544 So.2d 362, 365 (LA 1989).
Therefore, the Franklin Parish Police Jury's sewer systems are exempt from the jurisdiction of the Public Service Commission. Local regulation of the parish sewer systems by local ordinance remains subject to all applicable state and federal constitutional and statutory law and regulations.
Although utilities owned by political subdivisions remain exempt from the jurisdiction of the Public Service Commission, the Commission's guidelines and requirements for private utilities can be helpful to political subdivisions in developing local ordinances which are consistent with applicable state and federal constitutional and statutory law and regulations. In this regard please find an attached copy of "Guidelines and Requirements for Water and Sewerage Companies", a twenty-four page document published by the Louisiana Public Service Commission.
Your letter states that several users of the sewerage system are not paying their bills, and some arrearages are in excess of $23,000.00. Your letter states that the only alternative seems to disconnect the users from the sewerage system, but that your Assistant District Attorney can find no authority to make such sewerage disconnections. You have enclosed copies of all ordinances adopted relative to the sewerage systems. I've reviewed all of the ordinances which you have provided and agree that none of them provide authority for sewerage disconnections.
State law creates a procedure whereby collection and payment of sewerage charges imposed by political subdivisions may be enforced by water disconnections, not by sewerage disconnections. LA R.S. 33:4169(A) states:
 Sec. 4169. Collection contracts for sewerage service charges; access charges, enforcement procedures for delinquent charges.
 A. (1) Any municipal corporation, parish, or sewerage district operating a sewerage system shall have power to execute a contract with any municipal corporation, parish, water district, or private water company operating a water system serving customers in the area served by said sewerage system, and any municipal corporation, parish, water district, or private water company is authorized and empowered to execute and enter into a contract with any municipal corporation, parish, or sewerage district providing sewerage service to customers of said municipal corporation, parish, water district, or private water company, which contract may contain such terms and privileges as may be agreed upon between the parties thereto pursuant to which service charges imposed for service rendered by the sewerage system will be collected for the municipal corporation, parish, or sewerage district by the municipal corporation, parish, water district, or private water company and which may include provisions for a procedure to enforce collection of sewer charges by an agreement to shut off the service of the supply of water to any premises delinquent in the payment of either its water charges or sewer charges.
 (2) Such municipal corporation, parish, or sewerage district may agree to supply any such municipal corporation, parish, water district, or private water company operating a water system with such indemnity bond or liability insurance as such municipal corporation, parish, water district, or private water company may consider necessary for its protection.
 (3) Any such contract shall not require the approval of any state department, agency, or commission.
 (4) It is the policy of this state that any municipal corporation, parish, or sewerage district operating a sewerage system may in its discretion assess a charge to any premises for the connection of such premises to such sewerage system. (emphasis added)
Therefore, state law provides a method for enforcement of sewerage charges using a contract entered into between the political subdivision's sewerage system and the local private water company, in which water service is disconnected for nonpayment of sewerage charges after reasonable notice. The statute contains provisions which protect both parties.
No state statute can be located which suggests sewerage disconnections as a method for enforcement of sewerage charges. Indeed, a check with the Louisiana Public Service Commission indicates that such a plan might well be subject to permitting by the Louisiana Department of Environmental Quality and by the Louisiana Department of Health and Hospitals, due to possible pollution, health, and sanitation problems. Permitting jurisdiction of the Louisiana Department of Environmental Quality is generally found at LA R.S. 30:2011 and LA R.S. 36:234.
Permitting jurisdiction of the Louisiana Department of Health and Hospitals is generally found at La. R.S. 40:5. These provisions are broad enough to require regulation of such a plan, depending on the plan. Such a plan may also be subject to federal regulation by the Environmental Protection Agency or by other federal agencies, laws and regulations, and has the potential to run afoul of state law provisions establishing the Franklin Parish Watershed District, due to possible water pollution which might result in some cases if sewerage disconnections were made.
LA R.S. 38:2801 defines the Franklin Parish Watershed District to consist of the watershed of all streams located within Franklin Parish and portions of Catahoula and Richland Parishes. Under LA R.S. 38:2808, the board of commissioners may:
 "10(C) . . . secure the general health of the district, to prevent, remove and abate nuisances; to prohibit the construction of privy vaults and cesspools, and to regulate or suppress those already constructed, to compel and regulate the connection of all property with the sewers and drains; to establish and regulate health and sanitary regulations, with the concurrent approval of the Board of Health, or to regulate them and to prescribe and enforce regulations for cleanliness and sanitary regulations with regard to construction within the said district, and to compel and regulate the removal of garbage and filth within the limits of the district." (emphasis added)
Disconnections of property from the sewerage system could be contrary to the statutory mandate of the Franklin Parish Watershed District as water pollution, health, and sanitation concerns could result in some cases depending on the circumstances. Your local ordinance No. 3330, requiring that all new construction "shall be properly connected to a public sewerage system" may also be violated by such a plan. It is beyond the scope of this opinion to determine whether such a disconnection plan could be implemented legally, without review by the appropriate state and federal regulatory agencies of the precise proposed methods and plans used to make the sewerage disconnections.
Also, the lack of specific statutory authority for police juries to develop such a plan may be fatal under the reasoning of Peltier v. Assumption Parish Policy Jury, 638 F.2d 21 (5th Cir. 1981) a decision which may be useful to review. This decision was noted by Opinion No. 88-103 (attached) in a related question.
Reasonable notice for water disconnections and disconnection procedures are discussed on page 19 of the "Guidelines and Requirements for Water and Sewerage Companies", published by the Louisiana Public Service Commission. These disconnections are governed by two separate orders of the Public Service Commission, General Order Numbers U 9-10-57, and U 7-12-76, copies attached.
The "Guidelines" also refer to sewerage service discontinuance procedures on pages 7 and 23. According to Commission staff, the sewerage service discontinuances referred to on page 23 refer to discontinuances of water service, not sewerage service, under LA R.S. 33:4169, referenced on page 7 of the "Guidelines". Again, although utilities owned by political subdivisions remain exempt from the jurisdiction of the Louisiana Public Service Commission, these references are nevertheless included as they may assist in the development of model contracts and ordinances.
Therefore, it is the opinion of this office that the method for enforcement of sewerage charges under state law is described by LA R.S. 33:4169 and includes development of a contract between the utility owned by the political subdivision and the private water company, in which water service, not sewerage service, can be disconnected after the appropriate reasonable notices for nonpayment of water and/or sewerage charges, to enforce those sewerage charges.
Reasonable notice procedures for service discontinuances not already established by the Commission can be spelled out by adoption of local ordinances providing for such reasonable procedures for service discontinuances. In developing such ordinances, the guidelines and orders of the Public Service Commission may be helpful even though utilities owned by political subdivisions are exempt from Commission jurisdiction. Collections of sewerage charges can always be supplemented in some cases by the filing of civil collection lawsuits on behalf of the utility owned by the political subdivision.
We trust that this answers your inquiry.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: DAVID A. DALIA Assistant Attorney General
RPI/DAD:rm 1970f